IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

EMMETT L. WILLIAMS,                :
                                   :
    Plaintiff,                     :
                                   :
v.                                 :    CASE NO.: 4:19-CV-077 (LAG)
                                   :
CLAY D LAND, *et al.*,             :
                                   :
    Defendants.                    :
                                   :

## **ORDER**

Before the Court is *pro se* Plaintiff Emmett Williams' Motion to Assign Special Counselors From the Department of Justice and the U.S. Attorneys Office (Motion) (Doc. 61), which the Court construes as a Motion to Appoint Counsel. Therein, Plaintiff requests that the Court assign a special counselor from the Department of Justice and U.S. Attorney's Office to "prosecute" the above captioned matter on his behalf. (*Id.*)

Generally speaking, "[a] civil plaintiff has no constitutional right to counsel, but a district court may appoint counsel for an indigent plaintiff pursuant to 28 U.S.C. § 1915(e)(1)." *Vickers v. Georgia*, 567 F. App'x 744, 749 (11th Cir. 2014) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). Appointment of counsel is a privilege that is justified only in "exceptional circumstances." *Id.* (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)). "Exceptional circumstances generally exist 'where the facts and legal questions are so novel or complex as to require the assistance of a trained practitioner.'" *Brown v. John Deere Prods., Inc.*, 460 F. App'x 908, 909 (11th Cir. 2012) (quoting *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990)). "The key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court." *Delgiudice v. Primus*, 679 F. App'x 944, 946 (11th Cir.) (per curiam), *cert. denied*, 138 S. Ct. 100 (2017). "A district court has broad discretion in determining whether such circumstances exist." *Vickers*, 567 F. App'x at 749 (citing *Smith v. Fla. Dep't of Corrs.*, 713 F.3d 1059, 1063 (11th Cir. 2013)).

Plaintiff has failed to establish the existence of exceptional circumstances justifying the appointment of legal counsel. Other than a generalized statement that he is entitled to certain constitutional guarantees, rights, privileges, and immunities, Plaintiff does not set forth any basis for appointing counsel. (*See* Doc. 61.) Nor has Plaintiff established that this case is so novel or complex as to require the assistance of trained legal counsel. (*See id.*) Moreover, as Plaintiff has filed four separate civil actions based on the same underlying events and litigated the issues before both the Georgia Court of Appeal and the U.S. Court of Appeals for the Eleventh Circuit, he does not "need[ ] help in presenting the essential merits of his . . . position to the court." *Delgiudice*, 679 F. App'x at 946. Accordingly, Plaintiff's Motion to Appoint Counsel (Doc. 61) is **DENIED**.

**SO ORDERED**, this 23rd day of October, 2019.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, JUDGE**
**UNITED STATES DISTRICT COURT**