IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| EMMETT L. WILLIAMS, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 4:19-CV-077 (LAG) |
| CLAY D. LAND, *et al.*, | : |
| Defendants. | : |

## ORDER

Before the Court are the following motions:

- Defendants Brown & Adams, LLC, Clayton M. Adams, Mark D. Lefkow, and Nall & Miller, LLP's (collectively Brown & Adams Defendants) Motion to Dismiss or, Alternatively, for Summary Judgment (Doc. 4);

- Brown & Adams Defendants' Motion to Restrict Future Court Filings by Plaintiff (Doc. 6);

- Defendants Canal Insurance Company, Austin & Sparks, P.C., and John T. Sparks, Sr.'s (collectively Canal Insurance Defendants) Motion for Permanent Injunction to Restrict Future Court Filings (Doc. 11);

- Defendant Brooks Trucking Company Inc. of Memphis's (Brooks Trucking) Motion to Dismiss or, Alternatively, for Summary Judgment (Doc. 13);

- Brooks Trucking's Motion to Restrict Future Court Filings by Plaintiff (Doc. 16);

- Canal Insurance Defendants' Motion to Dismiss (Doc. 17);

- Plaintiff Emmett L. Williams' Motion for Summary Judgment (Doc. 27);

- Defendant Judge William C. Rumer's Motion to Dismiss (Doc. 44); and

- Defendants U.S. Court of Appeals Judges Julie E. Carnes, Peter T. Fay, Kevin C. Newsom, Gerald B. Tjoflat, and Charles R. Wilson and U.S. District Court Judge

Clay D. Land's (collectively Federal Judicial Defendants) Motion to Dismiss (Doc. 59).

For the reasons provided below, Defendants' Motions (Docs. 4, 6, 11, 13, 16, 17, 44, 59) are **GRANTED**, and Plaintiff's Motion (Doc. 27) is **DENIED as moot**.

## PROCEDURAL BACKGROUND

On May 14, 2019, *pro se* Plaintiff Emmett L. Williams initiated the instant action. (Doc. 1.) Plaintiff's claims arise from four previous lawsuits and their respective appeals. (*Id.*); *see generally Williams v. Brooks Trucking Co. Inc. of Memphis*, 757 F. App'x 790 (11th Cir. 2018); *Williams v. Brooks Trucking Co. Inc. of Memphis*, No. 4:17-CV-58 (CDL), 2017 WL 2434459 (M.D. Ga. June 5, 2017), *aff'd*, 757 F. App'x 790. Plaintiff asserts claims against Defendants U.S. District Court Judge Clay D. Land; U.S. Court of Appeals Judges Julie E. Carnes, Peter T. Fay, Kevin C. Newsom, Gerald B. Tjoflat, and Charles R. Wilson; Brooks Trucking Company Inc. of Memphis; Canal Insurance Company; the Estate of Richard A. Marchetti; Judge William C. Rumer of the Superior Court of Muscogee County, Georgia; Brown & Adams, LLC; Clayton M. Adams; Austin & Sparks, P.C.; John T. Sparks, Sr.; Nall & Miller, LLP; Mark D. Lefkow; U.S. President Donald J. Trump; and the United States of America. (Doc. 1 at 1.)

On May 22, 2019, the Brown & Adams Defendants filed a Motion to Dismiss, or Alternatively for Summary Judgment[1] and a Motion to Restrict Future Court Filings by Plaintiff. (Docs. 4, 6.) On May 31, 2019, the Canal Insurance Defendants filed a Motion for Permanent Injunction to Restrict Future Court Filings, and Brooks Trucking filed a Motion to Dismiss or, Alternatively, for Summary Judgment. (Docs. 11, 13.) On June 3, 2019, Brooks Trucking filed a Motion to Restrict Future Court Filings by Plaintiff, and the Canal Insurance Defendants filed a Motion to Dismiss. (Docs. 16, 17.) On June 10, 2019, Plaintiff filed a consolidated response to the Brown & Adams Defendants, Brooks Trucking, and Canal Insurance Defendants' Motions. (Doc. 20.) That same day, the Brown & Adams

---

[1] On May 28, 2019, Defendant Estate of Richard A. Marchetti filed a Notice of Joinder in the Brown & Adams Defendants' Motion to Dismiss (Doc. 4). As Marchetti and the Brown & Adams Defendants are represented by the same counsel and the grounds asserted in the Motion are equally applicable to Marchetti, Marchetti is considered joined as it relates to the Brown & Adams Defendants' Motion.

2

Defendants replied. (Doc. 21.) Brooks Trucking and the Canal Insurance Defendants replied on June 12 and 13, 2019, respectively. (Docs. 25–26.)

On June 17, 2019, Plaintiff moved for summary judgment. (Doc. 27.) The Brown & Adams Defendants, the Canal Insurance Defendants, and Brooks Trucking responded on June 17 and 19, 2019. (Docs. 29–31.) On July 2, 2019, Judge Rumer filed a Motion to Dismiss. (Docs. 44.) Plaintiff did not specifically respond to Judge Rumer's Motion to Dismiss. Finally, on September 9, 2019, the Federal Judicial Defendants filed a Motion to Dismiss. (Doc. 59.) Plaintiff responded on September 17, 2019, and the Federal Judicial Defendants replied on October 4, 2019. (Doc. 60.) On October 7, 2019, Plaintiff filed an unpermitted surreply. (Doc. 64.) Thus, all the instant Motions have been fully briefed and are, therefore, ripe for review. M.D. Ga. L.R. 7.3.1(A).

Between June 10, 2019 and February 2, 2020, Plaintiff also filed various papers docketed by the Clerk of Court as a memorandum, brief, or demand. (*See* Docs. 23–24, 28, 32–33, 35, 37, 40, 42, 46–47, 65, 68, 70, 72–73, 76–80, 84–85, 87–92, 94–95.) In these filings, Plaintiff generally asks the Court to deny all of Defendants' pending Motions and requests "mandatory due process of the law," "mandatory due process constitutional federal jury trial," "mandatory equal justice under the law," and "mandatory default summary judgment against all of the [D]efendants for the mandatory sum of $3.6 billion." (*See, e.g.*, Doc. 23 at 8 (internal quotation marks omitted).) Plaintiff does not appear to raise any new factual allegations and merely restates those already contained in his Complaint. (*See* Doc. 1.)

## LEGAL STANDARD

To survive a dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face if the complaint alleges enough facts to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint must plead "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. *Twombly*, 550 U.S. at 556. Although a court must "take the factual allegations in the complaint as true and construe

them in the light most favorable to the plaintiffs," it is not required "to accept the labels and legal conclusions in the complaint as true." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). At bottom, "the factual allegations in the complaint must possess enough heft to set forth a plausible entitlement to relief." *Edwards*, 602 F.3d at 1291 (punctuation omitted). "[A] plaintiff armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Iqbal*, 556 U.S. at 678–79.

In addition to Plaintiff's Complaint, the Court "may also consider documents attached to the motion to dismiss if they are referred to in the complaint, central to the plaintiff's claim, and of undisputed authenticity." *Hi-Tech Pharm., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) and *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997)). In particular, the Court considers the various state and federal court docket filings and orders attached to Defendants' Motions, as Plaintiff refers to these orders throughout his Complaint, they are central to his claims, and Plaintiff does not dispute their authenticity.

## FACTUAL BACKGROUND

### I. *Williams I*

On September 13, 2006, Plaintiff initiated a personal injury action in the Superior Court of Muscogee County, Georgia (*Williams I*). (Doc. 13-1.) Plaintiff alleged that on September 17, 2004, an employee of Brooks Trucking collided with a third-party driver who then collided with Plaintiff. (*Id.* ¶¶ 6–8.) On February 2, 2011, Plaintiff voluntarily dismissed his personal injury action without prejudice. (Doc. 13-2 at 2.)

### II. *Williams II*

On August 3, 2011, Plaintiff filed a renewal action under O.C.G.A. § 9-2-61 in the Superior Court of Muscogee County (*Williams II*) based on the same underlying facts as *Williams I*. (Doc. 13-3.) The case proceeded to trial before Judge Rumer. (*See* Doc. 1 at 7.) Canal Insurance insured Brooks Trucking and provided defense counsel Richard A. Marchetti of Brown & Adams, LLC to represent Brooks Trucking in the matter at trial. On

October 13, 2012, the jury returned a verdict in Brooks Trucking's favor. (Doc. 13-4.) The Court entered judgment on October 15, 2012. (Doc. 13-5.)

On November 9, 2012, Plaintiff filed a motion for new trial, arguing that the verdict was contrary to law and against the weight of the evidence. (Doc. 13-6 ¶¶ 1–3.) On April 9, 2013, Plaintiff, proceeding *pro se*, filed a motion for an appeal alleging that defense counsel Marchetti had improper communication with jurors during their deliberative process. (Doc. 13-8 ¶¶ 5–8.) Based on this allegedly improper communication, Plaintiff also filed an amended motion for new trial seeking to set aside the jury's verdict on July 16, 2013. (Doc. 13-9.)

On September 18, 2013, Judge Rumer denied Plaintiff's motions for new trial. (Doc. 13-11.) Plaintiff filed a notice of appeal on October 18, 2013. (Doc. 13-12.) On October 30, 2014, the Georgia Court of Appeals dismissed Plaintiff's appeal for failure to pay the requisite filing fees. (Doc. 13-13 at 2.)

### III. *Williams III*

On August 4, 2015, Plaintiff, proceeding *pro se*, filed suit in the Superior Court of Muscogee County against Brooks Trucking and Marchetti (*Williams III*). (Doc. 13-14.) Plaintiff alleged that the defendants violated his constitutional rights by denying him "a Fair, Equal, Just, and Impartial Trial on October 13, 2012" when Marchetti improperly communicated with jurors in *Williams II*. (Doc. 13-14 at 1, 5 (underline in original).) On September 11, 2015, Brooks Trucking moved to dismiss Plaintiff's complaint for failure to state a claim. (Doc. 13-16.)

On October 27, 2015, Judge Rumer granted Brooks Trucking's motion to dismiss. (Doc. 4-2.) Therein, Judge Rumer found that Plaintiff's complaint failed to state a claim because Marchetti was not a state actor subject to liability under 42 U.S.C. § 1983, Plaintiff's claims were time-barred, and "the undisputed evidence" showed that no jury tampering had occurred. (*Id.* at 11–14.) In that same order, Judge Rumer also denied Plaintiff leave to amend his complaint to add Canal Insurance as a defendant. (*Id.* at 13.) On November 10, 2015, Plaintiff filed a notice of appeal. (Doc. 13-23.) On January 10, 2017, the Georgia Court of Appeals affirmed Judge Rumer's dismissal order. (Doc. 4-3.) Plaintiff moved the Georgia

Court of Appeals to reconsider on January 20, 2017, (Doc. 13-28), which the court denied on February 16, 2017, (Doc. 13-36).

## IV. *Williams IV*

On March 10, 2017, Plaintiff, proceeding *pro se*, filed a complaint in the U.S. District Court for the Middle District of Georgia, Columbus Division against Brooks Trucking, Marchetti, Canal Insurance, Judge Rumer, Brown & Adams, Clayton Adams, Austin & Sparks, P.C., John T. Sparks, Nall & Miller, LLP, and Mark D. Lefkow (*Williams IV*). (Doc. 13-38); *see generally Williams*, 2017 WL 2434459. Plaintiff alleged that the defendants violated his constitutional due process and Thirteenth Amendment rights and violated his rights under Title VII of the Civil Rights Act of 1964. (Doc. 13-38 at 1.) Specifically, Plaintiff alleged that Marchetti violated his rights by improperly communicating with the jurors in *Williams II* and that Judge Rumer violated his rights by denying his motion for new trial in *Williams II* and dismissing his complaint in *Williams III*. (*Id.* at 5–10, 12–13, 15–17.)

On March 31, 2017, Brooks Trucking moved to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) or, alternatively, for summary judgment. (Doc. 13-39.) Each of the other defendants also filed motions to dismiss Plaintiff's complaint. On June 5, 2017, U.S. District Court Judge Clay D. Land granted the defendants' motions to dismiss, and judgment was entered that same day. (Docs. 4-4, 13-49, 13-50); *see Williams*, 2017 WL 2434459. On June 9, 2017, Plaintiff filed a notice of appeal. (Doc. 13-51.)

On August 9, 2017, U.S. Court of Appeals for the Eleventh Circuit Judges Tjoflat, Wilson, and Carnes denied Plaintiff's "Motions . . . for an En Banc Session and . . . for Summary Judgment for a Total of Five (5) Perfect (%) of the $180 Million Relief . . . ." (Doc. 13-56.) On August 15, 2017, Plaintiff filed a motion for reconsideration, (Doc. 13-58), which Judges Tjoflat, Wilson, and Carnes denied on October 18, 2017, (Doc. 13-62). Finally, on November 13, 2018, the Eleventh Circuit affirmed Judge Land's dismissal of Plaintiff's complaint in *Williams IV*. (Doc. 4-6); *see generally Williams*, 757 F. App'x at 796. The three-judge panel of Judges Newsom, Fay, and Carnes found that Plaintiff's claims against Judge Rumer were barred by absolute judicial immunity and his claims against the remaining

6

defendants failed to state plausible claims for relief, as none of the defendants were state actors. *Williams*, 757 F. App'x at 794.

**V.     Current Action**

On May 14, 2019, Plaintiff initiated the instant action. (*See* Docs. 1, 1-1.) Plaintiff filed a 254-page complaint with an additional 70 pages of exhibits and asserts claims against the Brown & Adams Defendants, Brooks Trucking, the Canal Insurance Defendants, the Estate of Richard A. Marchetti, Judge Rumer, the Federal Judicial Defendants, President Trump, and the United States. (Doc. 1 at 1.) While Plaintiff's Complaint is difficult to decipher, he appears to raise the same factual allegations as in *Williams IV*—namely that Marchetti improperly communicated with jurors in *Williams II* and that Judge Rumer violated his rights by denying his motion for new trial in *Williams II* and dismissing his complaint in *Williams III*. (*See, e.g.*, *id.* at 14–19, 24–25.) Plaintiff also alleges that Judge Land violated his rights by denying his motion for appointment of counsel and dismissing his complaint in *Williams IV*. (*Id.* at 65–76.) Plaintiff further alleges that Judges Tjoflat, Wilson, and Carnes violated his rights by denying his motions for an en banc hearing and for reconsideration and that Judges Newsom, Fay, and Carnes violated his rights by dismissing his appeal in *Williams IV*. (*Id.* at 112–136.)

Plaintiff appears to assert claims for due process violations; violations of his First Amendment, Thirteenth Amendment, and Fourteenth Amendment rights; and discrimination under Title VII of the Civil Rights Act of 1964. (*Id.* at 145–48.) Plaintiff also appears to assert claims for racketeering, mail fraud, theft by taking, and obstruction of justice. (*See, e.g.*, *id.* at 78.) Plaintiff seeks monetary damages in the amount of $3.6 billion, a "constitutional jury's pardon" or presidential pardon, and Judge Rumer's resignation, termination, or impeachment. (*Id.* at 2.) With regard to Plaintiff's constitutional claims, the Court construes Plaintiff's claims as being brought pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

**DISCUSSION**

**I.** *Res Judicata*

Plaintiff's claims against the Brown & Adams Defendants, Brooks Trucking, the Canal Insurance Defendants, and Judge Rumer are barred by *res judicata*. "The doctrine of *res judicata*, or claim preclusion, bars the parties to an action from litigating claims that were or could have been litigated in a prior action between the same parties." *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 892 (11th Cir. 2013). For a plaintiff's claims to be precluded, a defendant must establish four elements: "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action." *Id.*

In *Williams IV*, Plaintiff brought claims against all the Defendants in the instant action, except for the Federal Judicial Defendants, President Trump, and the United States. Judge Land dismissed Plaintiff's claims against the Brown & Adams Defendants, Brooks Trucking, the Canal Insurance Defendants, and Marchetti under Rule 12(b)(6) for failure to state a claim. *Williams*, 2017 WL 2434459, at *4. While Judge Land dismissed Plaintiff's claims to set aside Judge Rumer's state court decisions under the *Rooker-Feldman* doctrine, Judge Land dismissed Plaintiff's remaining claims against Judge Rumer under Rule 12(b)(6) as being barred by absolute judicial immunity.

Here, Plaintiff's claims against the Brown & Adams Defendants, Brooks Trucking, the Canal Insurance Defendants, and Marchetti are barred by *res judicata*. First, the decision in *Williams IV* was undoubtedly rendered by a court of competent jurisdiction. Second, Judge Land's dismissal order was a final judgment on the merits because the order was a Rule 12(b)(6) dismissal. *Davis v. Davis*, 551 F. App'x 991, 994 (11th Cir. 2014) ("[A]n order dismissing a claim under Rule 12(b)(6) is a final judgment on the merits for purposes of *res judicata*."); *see also Solis v. Glob. Acceptance Credit Co.*, 601 F. App'x 767, 770 (11th Cir. 2015) ("[T]he Supreme Court has flatly stated that the dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits." (internal quotation marks omitted)); Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, . . . any

dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."). While Plaintiff's claims to set aside Judge Rumer's state court decisions were dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine and Rule 12(b)(1), Judge Land dismissed Plaintiff's remaining claims against Judge Rumer under Rule 12(b)(6), making that decision a final adjudication on the merits as well. Third, except for the Federal Judicial Defendants, President Trump, and the United States, both *Williams IV* and the instant action involve the same parties—i.e., Brooks Trucking, Marchetti, Canal Insurance, Judge Rumer, Brown & Adams, Clayton Adams, Austin & Sparks, John T. Sparks, Nall & Miller, and Mark D. Lefkow.

Finally, the causes of action in *Williams IV* and the present action are also the same. "A cause of action is the same for *res judicata* purposes if it arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action." *Lobo*, 704 F.3d at 893 (internal quotation marks omitted). Plaintiff's claims against the Brown & Adams Defendants, Brooks Trucking, Marchetti, the Canal Insurance Defendants, and Judge Rumer arise from the facts of *Williams II* and *III* and formed the basis for Plaintiff's claims in *Williams IV*—namely, that Marchetti improperly communicated with jurors and Judge Rumer denied Plaintiff's motion for a new trial and dismissed Plaintiff's complaint. In the current iteration, Plaintiff does not raise any new factual allegations against the Brown & Adams Defendants, Brooks Trucking, Marchetti, the Canal Insurance Defendants, or Judge Rumer. Rather, Plaintiff's factual allegations and claims are virtually identical to those raised in *Williams IV*. Thus, with the exception of the claims brought against the Federal Judicial Defendants, President Trump, and the United States, Plaintiff's claims are barred by *res judicata*.[2]

---

[2] The Brown & Adams Defendants, Brooks Trucking, Marchetti, and the Canal Insurance Defendants also alternatively argue that Plaintiff's Complaint should be dismissed because these Defendants are not state actors under 42 U.S.C. § 1983 and because Plaintiff's claims are barred by collateral estoppel. Because the Court has found that Plaintiff's claims against these Defendants are barred by *res judicata*, the Court does not address Defendants' alternative arguments.

## II. Absolute Judicial Immunity

Judge Rumer and the Federal Judicial Defendants also move to dismiss Plaintiff's Complaint, arguing that Plaintiff's claims are barred by absolute judicial immunity. (Doc. 44 at 4–5; Doc. 59 at 6–12.) "A judge is entitled to absolute judicial immunity from damages for acts taken while acting in his judicial capacity." *Shuler v. Duke*, 792 F. App'x 697, 701 (11th Cir. 2019) (citing *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005)). To determine whether a judge "acted in his judicial capacity," the Court must look "at the nature and function of [the judge's] act, not the propriety of the act itself, and consider whether the nature and function of the particular act is judicial." *McCullough v. Finley*, 907 F.3d 1324, 1330–31 (11th Cir. 2018). The Court therefore considers "(1) whether the act is one normally performed by judges, and (2) whether the complaining party was dealing with the judge in his judicial capacity." *Stevens v. Osuna*, 877 F.3d 1293, 1304 (11th Cir. 2017) (citing *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). Because "[a] judge's motivation is irrelevant to determining whether his act was judicial," *McCullough*, 907 F.3d at 1331, "[a] judge is entitled to immunity even when his conduct 'was in error, was done maliciously, or was in excess of his authority.'" *Shuler*, 792 F. App'x at 701 (quoting *Stump*, 435 U.S. at 356). Thus, "[a] judge acting within his judicial capacity is subject to liability only when he has acted in the clear absence of all jurisdiction." *Id.* (internal quotation marks omitted).

With regard to Judge Rumer, in *Williams IV*, the Eleventh Circuit held that Judge Rumer was entitled to absolute judicial immunity as it pertained to his actions in *Williams II* and *III*. *Williams*, 757 F. App'x at 794 ("[T]he district court correctly concluded, absolute immunity protects Judge Rumer from liability for damages for acts committed within his judicial jurisdiction."). Plaintiff does not raise any new factual allegations against Judge Rumer and simply restates the same allegations in his Complaint in *Williams IV*. Thus, Judge Rumer is entitled to absolute judicial immunity.

With regard to the Federal Judicial Defendants, Judge Land and the Circuit Judges are entitled to absolute judicial immunity. Plaintiff does not allege any facts plausibly demonstrating that any of Federal Judicial Defendants acted in a clear absence of jurisdiction. Nor does Plaintiff allege sufficient facts to demonstrate that any of the Federal

Judicial Defendants' acts were outside those normally performed by judges. Plaintiff's allegations primarily concern Judge Land's denial of Plaintiff's motion to appoint counsel and June 5, 2017 dismissal order; Judges Tjoflat, Wilson, and Carnes' August 9, 2017 denial of Plaintiff's motion for an en banc session and October 18, 2017 denial of Plaintiff's motion for reconsideration; and Judges Newsom, Fay, and Carnes' November 13, 2018 opinion affirming Judge Land's dismissal. (Doc. 1 at 68, 114.) None of these acts are outside the acts normally performed by judges. Thus, as each of the Federal Judicial Defendants were acting within their judicial capacity when they performed the complained-of acts, they are entitled to absolute judicial immunity. *See Shuler*, 792 F. App'x at 701.

### III. Remaining Claims

To the extent that Plaintiff's claims are not barred either by *res judicata* or absolute judicial immunity, the claims are subject to dismissal under Rule 12(b)(6) for failure to state a claim. With regard to Plaintiff's Thirteenth Amendment claims, Plaintiff fails to allege sufficient facts demonstrating a plausible claim to relief. The Thirteenth Amendment provides that "[n]either slavery nor involuntary servitude, except as a punishment for crime . . . shall exist within the United States . . . ." Because Plaintiff's allegations fail to demonstrate that he was enslaved or subject to involuntary servitude, his Thirteenth Amendment claims fail to state a claim for which relief can be granted.

Plaintiff's Title VII claims also fail to state a claim, as Plaintiff fails to allege that any Defendant employed him. *Williams*, 757 F. App'x at 794 (affirming dismissal of Plaintiff's Title VII claims for failing to allege facts demonstrating "an employment relationship" between Plaintiff and any defendant).

Plaintiff's claims for racketeering and theft by taking appear to be based on Plaintiff being required to pay the filing fees in his various state and federal actions, and his mail fraud claims appear to be based on Defendants serving Plaintiff with documents throughout his prior actions. In *Williams IV*, the Eleventh Circuit held that "[n]one of [these] actions constitute unlawful conduct on the part of any Defendant, much less extortion, racketeering, or mail fraud." *Id.* at 795 (citing 18 U.S.C. § 1951 (defining extortion), 18 U.S.C. § 1341 (defining mail fraud), and 18 U.S.C. § 1961 (defining racketeering activity)). Neither would

11

these actions constitute an unlawful taking under Georgia law or obstruction of justice under federal law. *See* O.C.G.A. § 16-8-2 (defining theft by taking); 18 U.S.C. §§ 1501 *et seq.* Thus, Plaintiff's racketeering, mail fraud, theft by taking, and obstruction of justice claims also fail to state a claim for which relief can be granted.

Finally, Plaintiff's claims against President Trump and the United States fail to state a claim. Other than erroneously stating that the Federal Judicial Defendants are employees of President Trump, Plaintiff does not allege that President Trump or the United States took any action in this matter. The President is in the executive branch, which is separate and co-equal with the judicial branch. Thus, the President has no supervisory authority over the Federal Judicial Defendants. Moreover, "[t]he United States is generally immune from suit; it is subject to suit only insofar as it has waived its sovereign immunity." *Compagnoni v. United States*, 173 F.3d 1369, 1370 n.3 (11th Cir. 1999) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Plaintiff has alleged nothing showing that the United States has waived its sovereign immunity in this case. Thus, Plaintiff's claims against President Trump and the United States fail to state a claim.

## IV. Injunction

The Brown & Adams Defendants, Brooks Trucking, and the Canal Insurance Defendants also move the Court to issue an order enjoining Plaintiff from filing any future pleadings based on the facts of this case and his four previous lawsuits. (Doc. 6-1 at 6; Doc. 11-1 at 5; Doc. 16-1 at 5.) Specifically, Defendants seek an injunction

> (1) prohibiting Plaintiff from filing future complaints and motions against these Defendants, either in this action or in subsequent cases, absent filing by a lawyer or prior approval by the Court, and (2) excusing all Defendants from responding to new federal complaints and motions filed by Plaintiff, either in this action or in subsequent cases, other than Plaintiff's response to Defendants' motions to dismiss, unless and until the Court issues an order requiring a response or answer.

(Doc. 4-1 at 6; Doc. 11-1 at 5; Doc. 16-1 at 5.)

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III

functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (per curiam). Pursuant to 28 U.S.C. § 1651(a), a district court may "enjoin litigants who are abusing the court system by harassing their opponents." *Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980) (per curiam).[3] Section 1651(a) provides, "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Under this authority, the Eleventh Circuit "has upheld pre-filing screening restrictions on litigious plaintiffs." *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993) (citing *Copeland v. Green*, 949 F.2d 390, 391 (11th Cir. 1991) and *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 517–18 (11th Cir. 1991)). Such restrictions "allow[ ] courts to safeguard not only ongoing proceedings, but potential future proceedings, as well as already-issued orders and judgments." *Maid of The Mist Corp. v. Alcatraz Media, LLC*, 388 F. App'x 940, 942 (11th Cir. 2010) (per curiam). Whether a district court may restrict the filing of frivolous lawsuits must be assessed on a "case by case basis." *Cofield*, 936 F.2d at 518. While the district court has "[c]onsiderable discretion" in fashioning such pre-filing screening restrictions, a plaintiff "cannot be completely foreclosed from any access to the court." *Procup*, 792 F.2d at 1074.

In order to obtain an injunction, the moving party must show:

> (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.

*Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004).

An injunction is appropriate in this matter. First, as Plaintiff's claims against the Brown & Adams Defendants, Brooks Trucking, and the Canal Insurance Defendants were all barred by *res judicata*, Defendants showed a substantial likelihood of success on the merits. *See Laosebikan v. Coca-Cola Co.*, 415 F. App'x 211, 215 (11th Cir. 2011). Second, without an injunction restricting Plaintiff from filing future lawsuits against them, Defendants will suffer

---

[3] Decisions of the former Fifth Circuit handed down prior to October 1, 1981 are binding precedent on the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1205, 1209 (11th Cir. 1981) (en banc).

irreparable injury by having to spend time, resources, and attention responding to Plaintiff's baseless allegations against them. Third, Plaintiff would not be harmed as a result of a pre-filing screening restriction, as the restriction would simply require Plaintiff to submit his complaints to the Court for screening before being docketed and thus would not completely foreclose Plaintiff's access to the courts. Finally, such an injunction would not be adverse to the public interest, as only Plaintiff is enjoined from potentially bringing further frivolous actions. Rather, the injunction would "prevent [a] single litigant[ ] from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Thus, Defendants have shown that an injunction is appropriate in this case.

Moreover, the Eleventh Circuit has "expressly approved injunctions" requiring pre-screening of a plaintiff's filings "where the district court has determined that the litigant is attempting to relitigate specific claims against specific defendants arising from the same set of factual circumstances that have been litigated and adjudicated in the past." *Higdon v. Fulton Cty.*, 746 F. App'x 796, 800 (11th Cir. 2018). In *Traylor v. City of Atlanta*, the court upheld an injunction restricting the plaintiff from filing additional complaints that attempted to relitigate specific claims arising from "the same set of factual circumstances" that had been litigated in the plaintiff's previous three federal cases. 805 F.2d 1420, 1422 (11th Cir. 1986). In *Riccard v. Prudential Insurance Co.*, the court upheld an injunction prohibiting the plaintiff from filing any new action against the defendant without first obtaining leave from the district court where the plaintiff, a former employee of the defendant, had brought at least three lawsuits against the defendant for the same underlying facts. 307 F.3d 1277, 1295 (11th Cir. 2002).

Here, as in *Traylor* and *Riccard*, Plaintiff raises, for the third time, the same baseless allegations against Defendants, which were dismissed in *Williams III* and *IV* and upheld on appeal. With each loss on his campaign of frivolity, Plaintiff simply repackages the same allegations as before, refiles his complaint—now totaling over 254 pages long—and adds any judge who rules against him as a new defendant. Because such abusive litigation tactics "impair[ ] [the Court's] ability to carry out Article III functions" and impedes the "judicial

machinery needed by others," *Procup*, 792 F.2d at 1074, the Court is obligated to step in and stop any future abuses.

## CONCLUSION

For the reasons stated above, Plaintiff's claims are either barred by *res judicata*, barred by absolute judicial immunity, or fail to state a claim for which relief can be granted. Therefore, Defendants' Motions to Dismiss (Docs. 4, 13, 17, 44, 59) are **GRANTED**, and Plaintiff's Complaint is **DISMISSED with prejudice**. Accordingly, Plaintiff's Motion for Summary Judgment (Doc. 27) is **DENIED as moot**.

Furthermore, Defendants' Motions for Injunctions (Docs. 6, 11, 16) are **GRANTED**. Accordingly, Plaintiff is **ENJOINED** from filing any new actions in the U.S. District Court for the Middle District of Georgia against Brown & Adams, LLC, Clayton M. Adams, Mark D. Lefkow, Nall & Miller, LLP, the Estate of Richard A. Marchetti, Canal Insurance Company, Austin & Sparks, P.C., John T. Sparks, Sr., and Brooks Trucking Company Inc. of Memphis or arising out of the 2006 automobile collision involving Brooks Trucking, without first receiving permission from the Court. If Plaintiff wishes to file an action, he must submit his complaint to the Clerk of Court with a copy of this Order. The Clerk will receive but will not file the complaint. The Clerk will submit the complaint to the Court for review and will file the same only if it is approved the Court.

**SO ORDERED**, this 16th day of March, 2020.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, JUDGE**
**UNITED STATES DISTRICT COURT**